586 P.2d 213
**Francis GROVER and Josephine Grover, husband and wife, Appellants,**

v.

**Fred RATLIFF, Appellee.**

**No. 2 CA–CIV 2847.**

Court of Appeals of Arizona, Division 2.

Oct. 17, 1978.

Robert Douglas Little, Tucson, for appellants.

James D. Whitney, Tucson, for appellee.

## OPINION

HOWARD, Judge.

This is a breach of contract case concerning the sale of a mobile home which was subsequently destroyed by fire. The trial court awarded appellee judgment in the amount of $5,300 and denied appellants relief on their counterclaim. Appellants contend the trial court erred because (1) the evidence showed a mutual mistake; (2) the contract was voided prior to the fire; (3) it erroneously refused to allow Exhibit "B" into evidence; (4) the damages were excessive; and (5) it denied relief on the counterclaim. They also contend the trial court erred in denying their motion for new trial for two reasons. The first reason will be covered in our discussion on the excessiveness of damages. The second reason is incomprehensible and will be ignored.

The facts necessary to dispose of this matter considered in the light most favorable to support the judgment are as follows. On February 25, 1974, appellants entered into a written contract to purchase appellee's mobile home. Under its terms, appellants were to take possession of the trailer and make monthly payments to appellee until February 25, 1975, at which time they were to pay the balance due on the trailer. All payments were to be deducted from the purchase price. The "balance" was the balance due and owing on the trailer to the credit union on February 25, 1975. There was an oral agreement that appellants were to provide insurance coverage for the trailer.

A year after the contract was signed, appellants were given an extension by appellee because they did not have enough money to pay the balance. In July of 1975, appellants still did not have enough money so another extension was granted. In November of 1975, appellee called appellants and they still did not have the money. Appellee told them that he was going to have to see a lawyer. In the meantime, appellants made all the monthly payments up to and including the payment of December 1975. Before the trailer could be repossessed, it burned. There was no fire insurance because appellants did not secure any. Appellee cancelled his fire insurance because he thought appellants had secured the insurance.

After the suit was filed, the credit union was paid all but $1,189 of the $5,300 that was due on the trailer. This payment came

from the credit union's own insurance company. Appellee is still responsible to the credit union for the balance. Appellee was contractually obligated to provide insurance coverage to the credit union. A credit union employee testified that the insurance company which covers the credit union makes efforts to collect the payments from the debtor. As of the day of trial, July 8, 1977, the insurer for the credit union had not indicated that it intended to sue appellee.

As for the issue of mistake, it is an affirmative defense which a defendant must plead if he wishes to avail himself thereof. Rule 8(d), Arizona Rules of Civil Procedure. Appellants did not plead mutual mistake as a defense. It was not set forth as an issue in the pretrial order and was not tried by consent. Appellants' theory below was fraudulent misrepresentation. The defense of mistake was therefore waived. *Southern Pacific Company v. Loden,* 19 Ariz.App. 460, 508 P.2d 347 (1973).

Appellants contend there was no contract to purchase the trailer when the fire occurred because they had voided the contract. Exhibit "B", a letter from appellants to appellee's attorney, was offered to show that they had in fact voided the contract. Appellants have not cited any authority that a party can unilaterally void a contract to escape liability for its breach. Their contention is without merit.

Appellants' counterclaim was based on the premise that appellee was the one responsible for keeping the trailer insured. The trial court found otherwise. Even if the trial court found that nothing was ever said about the insurance, the risk of loss in this case was upon appellants. A.R.S. Sec. 44–2357(C). The trial court properly ruled against them on the counterclaim.

Appellants contend that appellee failed to prove he was damaged in the sum of $5,300 since the carrier for the credit union paid off all but $1,189. Appellee's answer to this contention is the collateral source rule.

The collateral source rule is a concept of damages in tort cases and does not apply to an ordinary breach of contract case. *United Protective Workers v. Ford Motor Company,* 223 F.2d 49 (7th Cir. 1955); *Dehnart v. Waukesha Brewing Co.,* 21 Wis.2d 583, 124 N.W.2d 664 (1963); *Patent Scaffolding Co. v. William Simpson Construction Co.,* 256 Cal.App.2d 506, 64 Cal. Rptr. 187 (1967). There is a reason for not applying the rule in contract actions:

"The collateral source rule is punitive; contractual damages are compensatory. The collateral source rule, if applied to an action based on breach of contract, would violate the contractual damage rule that no one shall profit more from the breach of an obligation than from its full performance." *Patent Scaffolding Co. v. William Simpson Construction Co.,* supra, 64 Cal.Rptr. at 191.

Not only does the collateral source rule not apply in this case, but the fact of damage in the amount which appellee claimed was not proven to a reasonable certainty. While appellee introduced evidence that the credit union's insurance company makes efforts to collect from the debtor who does not provide insurance coverage in accordance with his contract, there was no evidence of any such efforts. In the event of any action for such breach of appellee's contract with the credit union, he may then present a third party claim against appellants for breach of their agreement to assume that obligation.

The judgment is modified by reducing the amount of damages to the sum of $1,189 and the judgment is affirmed as modified.

RICHMOND, C. J., and HATHAWAY, J., concur.