■ ARKADY MAVASHEV et al., Respondents, v SHALOSH REALTY et al., Respondents, and ISRAEL GLATT KOSHER MEATS, INC., Appellant. (And a Third-Party and Related Action.) [649 NYS2d 718] —In an action to recover damages for personal injuries, etc., the defendant Israel Glatt Kosher Meats, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated September 19, 1995, as (1) granted the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240, (2) denied that branch of its cross motion which was for summary judgment dismissing the Labor Law § 240 cause of action, and (3) upon granting that branch of its cross motion which was for reargument of the prior motion of the defendants Shalosh Realty and Martin Rich for summary judgment against it on their claim for indemnity based, *inter alia,* upon the failure of Israel Glatt Kosher Meats, Inc., to obtain insurance naming them as additional insureds, adhered to the prior determination in an order dated March 21, 1995, which granted the motion.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof which adhered to so much of the determination in the order dated March 21, 1995, as granted that branch of the motion of Shalosh Realty and Martin Rich which was for summary judgment on their claim for contractual indemnification pursuant to the provision of the parties' lease which required Israel Glatt Kosher Meats, Inc., to indemnify Shalosh Realty and Martin Rich and substituting therefor a provision denying that branch of the motion, and (2) adding to the provision thereof which granted that branch of the motion of Shalosh Realty and Martin Rich which was for summary judgment for indemnification as a result of the breach of the lease provision which required Israel Glatt Kosher Meats, Inc., to obtain insurance naming Shalosh Realty and Martin Rich as additional insureds, a provision limiting the damages to be recovered by Shalosh Realty and Martin Rich to the costs of

the liability policy obtained by Shalosh Realty and Martin Rich; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, so much of the order dated March 21, 1995, as granted the branch of the motion of Shalosh Realty and Martin Rich for contractual indemnification is vacated, and that branch of the motion is denied.

The plaintiff Arkady Mavashev was injured while performing work on premises leased to the defendant Israel Glatt Kosher Meats, Inc. (hereinafter Israel) and owned by the defendants Shalosh Realty (hereinafter Shalosh) and Martin Rich. Shalosh and Rich moved for summary judgment on their counterclaim for contractual indemnification based on Israel's alleged breach of a provision in the lease. The provision in question provided in pertinent part that the tenant would obtain liability insurance with limits of $1,000,000 per person and $3,000,000 per occurrence for claims arising from personal injuries, naming Shalosh and Rich as "parties insured". The lease provision further provided that Israel would indemnify Shalosh and Rich "to the extent of $1,000,000.00 which may be provided by umbrella policy, for any occurrence from any liability or claim by or in behalf of any person". The Supreme Court granted the motion "in all respects". Thereafter the plaintiffs moved for summary judgment on the issue of liability under Labor Law § 240 (1) and Israel cross-moved for summary judgment dismissing the Labor Law § 240 (1) cause of action and for reargument of the motion by Shalosh and Rich for summary judgment on their counterclaim. The Supreme Court, *inter alia,* granted the plaintiffs' motion, denied the branch of Israel's cross motion which was to dismiss the Labor Law § 240 (1) cause of action, and upon granting that branch of Israel's cross motion which was for reargument, adhered to the prior determination.

The plaintiffs were properly granted partial summary judgment on the issue of liability under Labor Law § 240 (1) because Mavashev was engaged in "repair" work at the time of his accident (*see, Purdie v Crestwood Lake Hgts. Section 4 Corp.,* 229 AD2d 523; *Perez v New York City Indus. Dev. Agency,* 223 AD2d 628; *Vessio v Ador Converting & Biasing,* 215 AD2d 648; *Kinsler v Lu-Four Assocs.,* 215 AD2d 631).

Shalosh and Rich were entitled to summary judgment against Israel based upon Israel's failure to maintain liability insurance naming Shalosh and Rich as additional insureds (*see, Khan v Convention Overlook,* 232 AD2d 529). However, because Shalosh and Rich did procure their own insurance covering the plaintiffs' claims, Israel's liability for the breach

of the lease provision is limited to the cost of that liability insurance (*see, Doyle v B3 Deli, Inc.,* 224 AD2d 478; *Wilson v Haagan Dazs Co.,* 201 AD2d 361; *Wallen v Polo Grounds Bar & Grill N. Y.,* 198 AD2d 19). Shalosh and Rich argue that the Supreme Court also granted them summary judgment against Israel based upon the portion of the lease provision which required Israel to indemnify them. However, while the Supreme Court's order dated March 21, 1995, states that the motion is granted "in all respects", the decision contained in the order appears to limit the grant of summary judgment to that branch of the motion which is based upon the breach of Israel's obligation to name Shalosh and Rich as additional insureds. Furthermore, upon a review of the record, Shalosh and Rich are not presently entitled to summary judgment on the issue of contractual indemnification pursuant to the lease provision which requires Israel to indemnify them because there appear to be questions of fact as to whether their negligence, if any, contributed to Mavashev's accident (*see,* General Obligations Law § 5-322.1). O'Brien, J. P., Copertino, Santucci and Luciano, JJ., concur.