■ MICHIGAN MUTUAL INSURANCE COMPANY, Respondent, v AMERICAN & FOREIGN INSURANCE Co. et al., Defendants, and ANTHONY CONCRETE CORP., Appellant. [674 NYS2d 313] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about May 12, 1997, which granted plaintiff's motion for partial summary judgment as against defendant-appellant, unanimously affirmed, with costs.

The motion court correctly determined that plaintiff, as subrogee of Corinno Civetta Construction Corp. (CCC), was not collaterally estopped from asserting that defendant Anthony Concrete Corp. (Anthony Concrete), based upon a contractual indemnification clause contained in the subcontract between CCC and Anthony Concrete, is liable for the defense costs plaintiff incurred in the underlying personal injury action. The determination of the trial court in the underlying action that CCC's application seeking indemnification from Anthony Concrete was moot (see, DiPerna v American Broadcasting Cos., 200 AD2d 267) was not a determination on the merits that would collaterally estop either CCC or plaintiff as subrogee (see, Matter of City of Oneida v Chassin, 229 AD2d 855, 857). Also, plaintiff was not a party to the underlying action and did not have a full and fair opportunity to litigate its claim therein (see, Matter of Juan C. v Cortines, 89 NY2d 659, 667). The motion court also correctly determined that the indemnification clause in paragraph 8 of the CCC/Anthony Concrete contract was not dependent upon proof of fault or injury, and properly noted that, in any event, paragraph 5 of that contract incorporates the indemnification clause of the CCC/Lehrer Mc-

Govern contract, which was held in the underlying action not to be dependent upon proof of fault or injury. We have considered defendant-appellant's other arguments and find that they lack merit. Concur—Milonas, J. P., Tom, Andrias and Saxe, JJ.