■ RICHFIELD PROPERTIES, LTD., et al., Appellants, v GALAXY KNITTING MILLS, INC., et al., Respondents. [704 NYS2d 505] —In an action for a judgment declaring that the defendants are required to indemnify the plaintiffs Richfield Properties, Ltd., and Stuart Goldstein, individually and as partners doing business as Consol Building Associates, for any damages awarded in an underlying negligence action entitled *Montenegro v Richfield Props.,* which was pending in Supreme Court, Kings County, under Index No. 45683/93, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Jones, J.), dated November 9, 1998, as (a) granted the cross

motion of CNA Insurance Company for summary judgment dismissing the complaint insofar as asserted against it and declared that the policy issued by it to the defendant Galaxy Knitting Mills, Inc., did not afford coverage to the plaintiffs Richfield Properties, Ltd., and Stuart Goldstein, individually and as partners doing business as Consol Building Associates, and (b) granted that branch of the cross motion of the defendant Galaxy Knitting Mills, Inc., which was for an order declaring that the sole remedy available to the plaintiffs Richfield Properties, Ltd., and Stuart Goldstein, individually and as partners doing business as Consol Building Associates, was recovery of the insurance premiums paid to the plaintiff National Union Fire Insurance Company.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiffs failed to rebut the evidence of the defendant CNA Insurance Company (hereinafter CNA) that the plaintiffs Richfield Properties, Ltd., and Stuart Goldstein, individually and as partners doing business as Consol Building Associates (hereinafter Consol), were not added to the liability insurance policy it issued to the defendant Galaxy Knitting Mills, Inc. (hereinafter Galaxy), and the court therefore properly granted summary judgment to CNA dismissing the complaint insofar as asserted against it (*see, American Ref-Fuel Co. v Resource Recycling,* 248 AD2d 420; *Morrison-Knudsen Co. v Continental Cas. Co.,* 181 AD2d 500).

After finding that Galaxy had breached its lease by failing to procure liability insurance for the benefit of Consol, the court properly limited Consol's damages to the costs of obtaining its own liability policy since such a policy was in effect at the time of the accident from which the underlying tort claim arises (*see, Mavashev v Shalosh Realty,* 233 AD2d 301; *Wallen v Polo Grounds Bar & Grill N. Y.,* 198 AD2d 19). Sullivan, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.