■ MAIMONIDES MEDICAL CENTER, Appellant-Respondent, v VICTORY MEMORIAL HOSPITAL, Respondent-Appellant. [722 NYS2d

908] —In an action, *inter alia*, for a judgment declaring, in effect, that the defendant is obligated to reimburse the plaintiff Maimonides Medical Center, for the cost of defending and settling a consolidated action entitled *Staltare v Sundaresh* pending in the Supreme Court, Kings County, under Index No. 22720/96, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Mason, J.), dated May 2, 2000, as denied its motion for summary judgment, and the defendant cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of a judgment declaring that the defendant is obligated to reimburse the plaintiff for the cost of defending and settling the underlying action; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

Contrary to the defendant's contention, under these circumstances, the doctrine of equitable subrogation allows the plaintiff to sue on behalf of its professional liability insurance carriers to recover from the defendant the money the insurance carriers spent in defending the underlying action which was commenced against the plaintiff's employee physicians (*see, Federal Ins. Co. v Arthur Andersen & Co.,* 75 NY2d 366; *cf., Michigan Mut. Ins. Co. v American & Foreign Ins. Co.,* 251 AD2d 141; *Frontier Ins. Co. v State of New York,* 172 AD2d 13). Thus, the defendant's cross motion for summary judgment dismissing the complaint was properly denied.

The plaintiff's motion for summary judgment should have been granted. The plaintiff satisfied its burden of demonstrating its entitlement to judgment as a matter of law by showing that the defendant agreed to defend and indemnify the plaintiff's employee physicians in the underlying action (*see, Zuckerman v City of New York,* 49 NY2d 557). In response, the defendant failed to raise a triable issue of fact (*see, Chimart Assocs. v Paul,* 66 NY2d 570). Santucci, J. P., Florio, H. Miller and Schmidt, JJ., concur.