(August 11, 2003)

■ AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff, v RESOURCE RECYCLING, INC., et al., Defendants, HOME INSURANCE COMPANY OF ILLINOIS et al., Respondents, and UNIVERSAL WELDING & ENGINEERING et al., Appellants. [763 NYS2d 657] —In an action, inter alia, for a judgment declaring that the defendants Home Insurance Company of Illinois, Home Insurance Company, Minnesota Fire & Casualty Company, and Minnesota Mutual Insurance Company have a duty to defend and indemnify the plaintiff in an underlying personal injury action entitled *Riek v American Ref-Fuel Company of Hempstead,* the defendant Universal Welding & Engineering appeals, as

limited by its brief, and the defendants Jack O. A. Nelsen Agency and Donald Miller separately appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DeMaro, J.), dated September 13, 2001, as denied those branches of their respective motions which were to dismiss the sixth cross claim asserted by the defendants Home Insurance Company of Illinois and the Home Insurance Company, and granted the cross motion of Home Insurance Company of Illinois and Home Insurance Company for summary judgment on the sixth cross claim.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

On or about September 4, 1993, the plaintiff, American Ref-Fuel Company of Hempstead (hereinafter American) hired the defendant Resource Recycling, Inc. (hereinafter Resource), to design and install a new ferrous recovery system at its plant in Westbury. Shortly thereafter, Resource entered into a subcontract with the defendant Universal Welding & Engineering Company (hereinafter Universal). The subcontract required Universal to obtain a general liability insurance policy naming both Resource and American as additional insureds. The subcontract also contained an indemnification clause in which Universal agreed to "indemnify, defend and hold harmless contractor and/or owner" from and against any loss or liability arising out of the performance of the agreement. Although Universal requested its insurance broker to add American and Resource as additional insureds to its existing liability policy, it is undisputed that the broker failed to do so.

In February 1994 one of Universal's employees was injured at the worksite when he fell from a catwalk. The injured employee commenced actions, which were later consolidated, against American and Resource, alleging, inter alia, that they had violated Labor Law § 240 (1). Home Insurance Company of Illinois and Home Insurance Company (hereinafter collectively Home Insurance), which had issued a general liability policy to Resource, provided Resource with a defense in the underlying personal injury action. In addition, in accordance with a prior order of this Court (see American Ref-Fuel Co. of Hempstead v Resource Recycling, 248 AD2d 420 [1998]), Home Insurance also assumed the cost of defending American, which had been named as an additional insured on the policy issued to Resource. After discovery in the personal injury action was completed, American and Resource moved for summary judgment on the claims they had asserted against Universal for

common-law and contractual indemnification. By order dated July 20, 2000, the Supreme Court conditionally granted the motions for indemnification, finding that certain deposition testimony established that neither the owner nor the general contractor controlled Universal's work, or negligently caused or contributed to the accident. The injured worker's action was ultimately settled on February 26, 2001. This settlement was paid by the insurance carriers who provided coverage to Universal (the subcontractor) and to Universal's insurance broker, the Jack O. A. Nelsen Agency, and the broker's employee Donald Miller (hereinafter collectively the Nelsen Agency).

Following the settlement, Universal and the Nelsen Agency separately moved, inter alia, for summary judgment dismissing the sixth cross claim of Home Insurance, which seeks recovery of the legal expenses Home Insurance incurred in providing American and Resource with a defense in the underlying action. In support of their motions, Universal and the Nelsen Agency contended that since American and Resource had not been required to expend their own funds to pay for their respective defenses in the personal injury action, Home Insurance, in its capacity as subrogee, could not recover defense costs. As authority for their position, American and Resource relied upon *Inchaustegui v 666 5th Ave. Ltd. Partnership* (96 NY2d 111 [2001]). In *Inchaustegui*, the Court of Appeals held that where a party who seeks damages for breach of an agreement to procure insurance has other insurance available which covers the loss, its damages are limited to the cost of obtaining and maintaining such substitute coverage. Home Insurance responded by cross-moving for summary judgment on its sixth cross claim, arguing that the indemnification provision of the subcontract entitled it, as subrogee of American and Resource, to recover reasonable defense costs. The Supreme Court denied the motions of Universal and the Nelsen Agency, and granted Home Insurance's cross motion, concluding that the rationale of *Inchaustegui* did not apply because Home Insurance was seeking to recover legal expenses pursuant to the indemnification provision of the subcontract, rather than damages for breach of an agreement to procure insurance. We agree.

Subrogation is an equitable doctrine which allows an insurer to " 'stand in the shoes' of its insured to seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]; *see also Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465,

471 [1986]). The subrogation doctrine "has a dual objective. It seeks, first, to prevent the insured from recovering twice for one harm, as it might if it could recover from both the insurer and from a third person who caused the harm, and, second, to require the party who has caused the damage to reimburse the insurer for the payment the insurer has made * * * The doctrine is liberally applied for the protection of those who are its natural beneficiaries—insurers that have been compelled by contract to pay the loss caused by the negligence of another" (*Winkelmann v Excelsior Ins. Co.*, 85 NY2d 577, 581 [1995]). Here, the Supreme Court determined, in the underlying personal injury action, that neither American nor Resource was actively negligent, and that these parties were thus conditionally entitled to both common-law and contractual indemnification in the event that the injured worker obtained a judgment against them. This right to indemnification "encompasses the right to recover attorneys' fees, costs, and disbursements incurred in connection with defending the suit brought by the injured party" (*Chapel v Mitchell*, 84 NY2d 345, 347 [1994]), and is not impaired by the fact that the personal injury action was resolved by settlement rather than judgment (*see Fessenden v Marshalls Dept. Store of Pittsford, N.Y.*, 261 AD2d 839 [1999]). Although Home Insurance paid the defense costs incurred by American and Resource in the underlying action, leaving them with no damages other than the out-of-pocket costs of obtaining and maintaining substitute insurance coverage (*see Inchaustegui v 666 5th Ave. Ltd. Partnership, supra*), the subrogation doctrine permits Home Insurance to obtain reimbursement for these costs from Universal, whose negligence was responsible for the loss (*see Hamilton v Khalife*, 289 AD2d 444 [2001]; *Michigan Mut. Ins. Co. v American & Foreign Ins. Co.*, 251 AD2d 141 [1998]). Furthermore, the Supreme Court properly concluded that the rationale of the *Inchaustegui* decision is not controlling because in this case, Home Insurance seeks to recoup defense costs through enforcement of the indemnification rights of its insureds. In contrast, the issue presented in *Inchaustegui* was whether the damages caused by breach of an insurance procurement provision could be minimized where other insurance coverage was available. Accordingly, we do not find that the *Inchaustegui* decision bars Home Insurance from recovering its reasonable defense costs in its capacity as subrogee for its insureds, who established their right to indemnification from Universal in the underlying action. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.