■ NETJETS, INC., Plaintiff, v SIGNATURE FLIGHT SUPPORT, INC., Defendant, SIGNATURE FLIGHT SUPPORT CORP., Respondent-Appellant, SHARP DETAILING, INC., Appellant-Respondent, et al., Defendants. [844 NYS2d 331]—

In an action, inter alia, to recover damages for breach of contract, the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., appeals (1) from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered December 5, 2005, as granted the motion of the defen-

dant Signature Flight Support Corp. for summary judgment on the issue of liability on the cross claims asserted by that defendant against it for contractual indemnification and to recover damages for breach of its obligation to procure insurance naming the defendant Signature Flight Support Corp. as an additional insured and (2), as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered March 1, 2006, as, upon reargument, adhered to so much of the determination in the order entered December 5, 2005, as granted that branch of the motion of the defendant Signature Flight Support Corp. which was for summary judgment on the issue of liability on the cross claim asserted by that defendant and against it to recover damages for breach of its obligation to procure insurance naming the defendant Signature Flight Support Corp. as an additional insured, and further directed it to reimburse Global Aerospace, the insurance carrier of the defendant Signature Flight Support Corp., the sum of $91,470.61 for costs and reasonable attorney's fees expended by Global Aerospace in defending the defendant Signature Flight Support Corp., and to reimburse the defendant Signature Flight Support Corp. for all out-of-pocket expenses incurred in the defense of this action, as well as the cost of premiums, copayments, deductibles, and increases in insurance premium rates, and the defendant Signature Flight Support Corp. cross-appeals from so much of the order entered March 1, 2006, as granted that branch of the motion of the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., which was for reargument and, upon reargument, vacated so much of the order entered December 5, 2005, as granted that branch of its motion which was for summary judgment on the issue of liability on its cross claim for contractual indemnification insofar as asserted against that defendant, denied that branch of its motion which was for summary judgment on the issue of liability on its cross claim for contractual indemnification insofar as asserted against the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., and upon searching the record, awarded summary judgment in favor of the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., dismissing that cross claim.

Ordered that the appeal by the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., from the order entered December 5, 2005, is dismissed, without costs or disbursements, as the portion of the order appealed from was superseded by the order entered March 1, 2006, made upon reargument; and it is further,

Ordered that the order entered March 1, 2006 is modified, on

the law, by deleting the provision thereof directing the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc., to pay Global Aeropsace, the insurance carrier of the defendant Signature Flight Support Corp., the sum of $91,470.61; as so modified, the order entered March 1, 2006, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court correctly determined that, after all of the causes of action asserted by the plaintiff against the defendant Signature Flight Support Corp. (hereinafter Signature), except the first cause of action sounding in breach of contract, were dismissed in a prior order, the defendant Sharp Details, Inc., incorrectly sued herein as Sharp Detailing, Inc. (hereinafter Sharp), had no obligation to indemnify Signature. Moreover, with respect to plaintiff's remaining cause of action alleging Signature's breach of contract, the terms of the indemnification clause in the contract entered into by Sharp and Signature did not obligate Sharp to indemnify Signature for Signature's own breach of its contract with the plaintiff.

However, Sharp does not dispute that its insurance policy failed to name Signature as an additional insured. Sharp's agreement with Signature specified the nature of the insurance coverages Sharp was supposed to maintain, and further specified that Sharp was to name Signature as an additional insured. Such coverages included Sharp's liability for its "acts or omissions while operating on the Airport and Signature's entire leasehold." Pursuant to Sharp's obligation to procure appropriate insurance naming Signature as an additional insured, Sharp's insurer would have had the duty to defend Signature in this action, to the same extent that a properly named additional insured would have been entitled to a defense in this action (*see City of New York v Evanston Ins. Co.*, 39 AD3d 153 [2007]; *cf. Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]). Instead, due to Sharp's failure in this regard, Signature's own insurer was required to carry on Signature's defense.

Signature's damages for Sharp's breach were limited to Signature's out-of-pocket expenses in obtaining and maintaining its own separate insurance underwritten by its own insurance carrier, Global Aerospace, as well as the costs of "the premiums and any additional costs it incurred such as deductibles, co-payments and increased future premiums" (*Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111, 114 [2001]; *see American Ref-Fuel Co. of Hempstead v Resource Recycling*, 307 AD2d 939, 941 [2003]).

However, the Supreme Court prematurely awarded Global

Aerospace reimbursement of "all of its incurred costs and reasonable attorney's fees expended" up until the time of the court's adjudication. Global Aerospace is not a party to the instant action, which has not yet been finally resolved. Global Aerospace may ultimately have a subrogation claim against Sharp to recoup its costs of defending Signature in the instant action. Pursuant to the indemnification clause, Sharp's promise to defend and indemnify Signature arose upon "any act or failure to act or negligence" committed by Sharp. There has not yet been any finding that Sharp was responsible for the loss that gave rise to the claims against Signature. Thus, until responsibility for the plaintiff's loss is established (*see American Ref. Fuel Co. v Resource Recycling*, 307 AD2d at 942), it was premature for the court to reach the issue of whether Signature's insurance carrier is entitled to reimbursement for defense costs from Sharp (*cf. Farduchi v United Artists Theatre Circuit, Inc.*, 23 AD3d 613 [2005]). Crane, J.P., Krausman, Lifson and Balkin, JJ., concur.