OPINION OF THE COURT
Memorandum.
Appeal from order dismissed.
Judgment affirmed without costs.
The appeal from the order is dismissed because the right of direct appeal therefrom terminated with the entry of judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (see CPLR 5501 [a] [1]).
In this personal injury action commenced against defendant New York City Transit Authority (NYCTA) in the Supreme Court, Queens County, plaintiffs claimed to have suffered injuries as a result of an accident in a subway station. NYCTA impleaded its contractor Kosangeo Construction Corp. and subcontractor Navillus Tile, Inc., which were doing renovation work in the station at the time of the accident. The third-party complaint alleged causes of action for common-law indemnification, contribution, contractual indemnification and breach of contract.
Subsequently, both Kosangeo and NYCTA moved in Supreme Court for summary judgment based upon Navillus’ breach of contract to procure insurance (see Kinney v Lisk Co., 76 NY2d 215 [1990]). An agreement between Kosangeo and Navillus had provided that Kosangeo and NYCTA would be listed as additional insureds on all insurance policies obtained by Navillus. The motions were granted in an order dated December 3, 1999 (Milano, J.). In November 2000 the action was transferred to *7 the Civil Court, Queens County, pursuant to CPLR 325 (d). The underlying personal injury action was ultimately settled for $25,000.
A judgment was subsequently entered in the Civil Court pursuant to a Supreme Court order, and, on a prior appeal to this court, the judgment was reversed on jurisdictional grounds without prejudice to a renewed application for relief in the Civil Court (Murray v New York City Tr. Auth., NYLJ, Apr. 14, 2004, at 25).
Thereafter, NYCTA moved in the Civil Court for summary judgment against Navillus based upon its failure to procure insurance on NYCTA’s behalf and for reimbursement of attorney’s fees in the sum of $28,838.28. Navillus did not dispute the fact that it had failed to procure insurance pursuant to the terms of the subcontract, but argued that its liability was limited to the cost of procuring liability insurance. It noted that under the prime contract between NYCTA and Kosangeo, Kosangeo was obligated to name NYCTA as an additional insured under its liability policy with Royal Insurance Company. Navillus claimed that under the Court of Appeals decision in Inchaustegui v 666 5th Ave. Ltd. Partnership (96 NY2d 111 [2001]), NYCTA was required to mitigate damages by looking first to the Royal Insurance Company policy for coverage. NYCTA argued that it had no obligation to exhaust all possible means of obtaining insurance coverage, including commencing a declaratory judgment action against Royal Insurance Company to ascertain whether there was coverage, before being made whole for the damages resulting from Navillus’ breach of contract and failure to procure insurance. The court below granted NYCTA’s motion, and found that there was insufficient evidence to indicate that NYCTA was covered by a policy obtained by Kosangeo. Following a hearing to determine the amount of legal fees incurred by NYCTA, a judgment in the sum of $39,078.44 was entered as against Navillus.
In Kinney v Lisk Co. (76 NY2d 215 [1990], supra), the Court of Appeals held that a subcontractor which agreed to procure insurance for the benefit of a general contractor and then failed to do so was liable for all the resulting damages including the general contractor’s liability to the plaintiff. The question of whether the resulting damages could be minimized by any insurance the general contractor had obtained was not raised by the parties or considered by the Court. In Inchaustegui, where a tenant breached an agreement to maintain liability insurance *8 and name the landlord as an additional insured, the only issue before the Court of Appeals was the measure of damages recoverable by the landlord for the tenant’s breach, since the landlord had obtained its own liability insurance. The Court held that the landlord’s recovery was limited to the loss it actually suffered by reason of the tenant’s breach, i.e., its out-of-pocket expenses, which could include copayments, deductibles or rate increases in the landlord’s insurance. The Court placed great significance upon the landlord’s having procured its own insurance, and acknowledged that had the landlord been left uninsured, it could have recovered “the full amount of the underlying tort liability and defense costs from the tenant” (96 NY2d at 114).
Contrary to the interpretation of Navillus, Inchaustegui is limited in its application to those cases where a party “has obtained its own insurance and therefore sustained no loss beyond its out-of-pocket costs” (96 NY2d at 114). Accordingly, NYCTA is entitled to seek recovery from Navillus based on its breach of its contractual obligation to obtain liability insurance naming NYCTA as an additional insured. Although Navillus contends that NYCTA has an obligation to first ascertain whether it was covered as an additional insured by an insurance policy obtained by Kosangeo, we do not agree that NYCTA is so obligated. While a party injured by a breach of contract has a duty to make “reasonable exertions” to mitigate or minimize the damages liable to result therefrom (Holy Props, v Cole Prods., 87 NY2d 130, 133 [1995]; see Janowitz Bros. Venture v 25-30 120th St. Queens Corp., 75 AD2d 203 [1980]), such obligation does not require a party to incur extraordinary expense and risk (see 25 CJS, Damages § 167; 22 Am Jur 2d, Damages § 353). Even assuming that NYCTA was required to incur additional expenses in order to ascertain coverage, the record does not support Navillus’ contention that there was such a policy in effect, and such uncertain and speculative possibilities may not be taken into consideration in mitigation of damages (see 25 CJS, Damages § 167).
We have reviewed Navillus’ remaining contentions and find them to be without merit.
Weston Pattebson, J.P, Golia and Rios, JJ., concur.