■ MICHAEL CARDO, Appellant-Respondent, v BOARD OF MANAGERS, JEFFERSON VILLAGE CONDO 3, Respondent-Appellant. [891 NYS2d 97]—

In an action, inter alia, for a judgment declaring that an assessment imposed by the defendant is invalid, the plaintiff appeals from a money judgment of the Supreme Court, Westchester County (Liebowitz, J.), entered July 11, 2008, which, upon an order of the same court entered May 30, 2008, made after a framed-issue hearing, awarding the sum of $2,500 to the defendant as an attorney's fee, is in favor of the defendant and against him in the principal sum of $2,500, and the defendant cross-appeals from so much of the same money judgment as, upon the order, awarded an attorney's fee in the sum of only $2,500.

Ordered that the money judgment is reversed on the appeal, on the law, the award for an attorney's fee is reduced from the sum $2,500 to $0, and the order entered May 30, 2008, is modified accordingly; and it is further,

Ordered that the cross appeal is dismissed as academic in light of our determination on the appeal; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

"As a general rule, we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, although we have the inherent jurisdiction to do so" (*Catalano v City of New York*, 63 AD3d 979 [2009]; *see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750 [1999]; *Bray v Cox*, 38 NY2d 350 [1976]). The plaintiff appealed from an order of the Supreme Court, Westchester County, entered August 15, 2007. In that order, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. The court observed that an award of an attorney's fee to the defendant was authorized by the condominium's by-laws, determined that, "[g]iven the persistent and protracted litigation generated by plaintiff, such attorney's fees and costs are appropriate in this case," and directed the parties to appear for a framed issue hearing on the amount of the award of an attorney's fee to which the defendant was entitled. The plaintiff's appeal from that order was dismissed as abandoned by decision and order on motion of this Court dated June 18, 2008. The dismissal constituted an adjudication on the merits

with respect to all issues which could have been reviewed on that appeal. We decline to exercise our discretion to determine the merits of the plaintiff's contentions on appeal, all of which could have been raised on the appeal from the prior order that was dismissed for failure to perfect (*see Bray v Cox,* 38 NY2d 350 [1976]; *Spiritis v Village of Hempstead Community Dev. Agency,* 63 AD3d 907, 907 [2009]; *Utility Audit Group v Apple Mac & R Corp.,* 59 AD3d 707, 708 [2009]; *Princeton Ins. Co. v Jenny Exhaust Sys., Inc.,* 49 AD3d 518, 519 [2008]).

"An attorney's fee may not be recovered unless [such] an award is authorized by agreement between the parties, or by statute or court rule" (*Khanal v Sheldon,* 55 AD3d 684, 686 [2008]; *see Matter of A.G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5 [1986]). Here, the Supreme Court determined in the prior order entered August 15, 2007, that an award of a reasonable attorney's fee to the defendant was authorized by article XI, section 5 of the by-laws. We will not review that issue (*see Bray v Cox,* 38 NY2d 350 [1976]). However, the issue of the proper amount of the attorney's fee which was awarded in the money judgment now appealed from is properly before this Court. Significantly, the Supreme Court observed in the underlying order entered May 30, 2008, that the evidence presented by the defendant at the framed-issue hearing established that all of the legal fees billed in connection with this action had been paid, or soon would be paid, by the defendant's insurer, the Chubb Group, pursuant to a policy of insurance the defendant obtained to insure against the expenses of this litigation. Since the fact that the Chubb Group paid the defendant's legal fees did not come to light until the framed-issue hearing on March 13, 2008, the plaintiff could not have raised this issue on the prior appeal. A party "generally has standing only to assert claims on behalf of himself or herself" (*Caprer v Nussbaum,* 36 AD3d 176, 182 [2006]). Although there are situations in which representative standing is permitted (*see* CPLR 1004), "one does not, as a general rule, have standing to assert claims on behalf of another" (*Caprer v Nussbaum,* 36 AD3d at 182). Here, the defendant did not actually incur any of the expense of its legal representation and, in the absence of appropriate documentation demonstrating the defendant's right to seek an attorney's fee on behalf of its insurer (*see* CPLR 1004), the defendant was not entitled to recover an award of an attorney's fee (*see generally Caprer v Nussbaum,* 36 AD3d at 182; *cf. Pennsylvania Gen. Ins. Co. v Austin Powder Co.,* 68 NY2d 465, 470 [1986]; *Route Messenger Servs. v 21-29 45th Rd.,* 222 AD3d 426, 427 [1995]). While it may be that the Chubb Group could be entitled to subrogation, it is not a party here (*cf. Netjets, Inc. v Signature*

*Flight Support, Inc.,* 43 AD3d 1016, 1019 [2007]). Moreover, in light of the foregoing, the Supreme Court should not have awarded the sum of $2,500 to the defendant, as there was no basis for such an award.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Hall and Lott, JJ., concur.