## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 22, 2015                518751
_____

JOHN GADANI et al.,

                    Plaintiffs,

       v

DeBRINO CAULKING ASSOCIATES,
    INC.,

                    Defendant and
                    Third-Party
                    Plaintiff-
                    Respondent;

DORMITORY AUTHORITY OF THE
    STATE OF NEW YORK et al.,                MEMORANDUM AND ORDER
                    Third-Party
                    Defendants
                    and Fourth-
                    Party
                    Plaintiffs-
                    Appellants;

MARINELLO CONSTRUCTION COMPANY,
                    Fourth-Party
                    Defendant-
                    Respondent.
_____


Calendar Date:   November 19, 2014

Before:   Lahtinen, J.P., Garry, Rose and Devine, JJ.

                    _____

        Burke, Scolamiero, Mortati & Hurd, LLP, Albany (Mark G.
Mitchell of counsel), for third-party defendants and fourth-party
plaintiffs-appellants.

        Lemery Greisler, LLC, Albany (Lauren S. Cousineau of
counsel), for defendant and third-party plaintiff-respondent.

Bailey, Kelleher & Johnson, PC, Albany (Thomas J. Johnson of counsel), for fourth-party defendant-respondent.

_____

Lahtinen, J.P.

Appeals (1) from a judgment of the Supreme Court (O'Connor, J.), entered June 10, 2013 in Albany County, upon a decision of the court partially in favor of third-party defendants, and (2) from an order of said court, entered June 10, 2013 in Albany County, which denied third-party defendants' request for counsel fees.

The facts and relationships of the various parties involved in this slip and fall case are amply set forth in our decisions in prior appeals (Gadani v DeBrino Caulking Assoc., Inc., 86 AD3d 689 [2011]; Gadani v Dormitory Auth. of State of N.Y., 64 AD3d 1098 [2009]; Gadani v Dormitory Auth. of State of N.Y., 50 AD3d 1303 [2008]; Gadani v Dormitory Auth. of State of N.Y., 43 AD3d 1218 [2007]).  This appeal involves an attempt by two of the parties – third-party defendant Dormitory Authority of the State of New York (hereinafter DASNY) and third-party defendant BBL Construction Services, LLC (hereinafter BBL) – to collect counsel fees from defendant, DeBrino Caulking Associates, Inc.  Briefly stated, the insurance policy of August Bohl Contracting Company (hereinafter Bohl), a company that DASNY contracted with to provide snow removal at the job site, named DASNY and BBL as additional insureds, and that insurance carrier, St. Paul Travelers Company (hereinafter Travelers) paid all of the counsel fees of DASNY and BBL in this litigation.  However, a contract between DASNY and DeBrino included a provision under which DeBrino allegedly would be responsible for counsel fees incurred by DASNY and BBL, and such entities sought an award of counsel fees from DeBrino.  Inasmuch as those fees had already been paid by Travelers, Supreme Court denied the application.  DASNY and BBL appeal.

We affirm.  This is not a subrogation action by Travelers, and DASNY and BBL did not submit appropriate documentation to

Supreme Court establishing a right in this litigation to seek counsel fees on behalf of Travelers (see Cardo v Board of Mgrs., Jefferson Vil. Condo 3, 67 AD3d 945, 946 [2009]; cf. Rybicki v Beltrone Constr. Co./McManus, Longe, Brockwehl, 199 AD2d 706, 708 [1993]).  We make no rulings regarding the parties' dispute about the proper interpretation of the contract between DASNY and DeBrino.  The remaining issues, to the extent not academic, are unavailing.

        Garry, Rose and Devine, JJ., concur.

        ORDERED that the judgment and order are affirmed, with one bill of costs.

                        ENTER:

                        Robert D. Mayberger
                        Clerk of the Court