■ Financial Services Vehicle Trust, Plaintiff, v Andre H. Saad, Defendant/Third-Party Plaintiff-Respondent-Appellant. Government Employees Insurance Company, Third-Party Defendant-Appellant-Respondent, and Bellavia, Gentile & Associates, LLP, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [27 NYS3d 584]—

In an action to recover damages for contractual indemnification, in which the defendant/third-party plaintiff, Andre H. Saad, commenced a third-party action, inter alia, to recover damages for breach of the terms of an insurance contract and legal malpractice, (1) the defendant/third-party plaintiff, Andre H. Saad, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered September 16, 2013, as (a) granted those branches of the motion of the third-party defendant Government Employees Insurance Company which were for summary judgment dismissing the causes of action in the third-party complaint against it sounding in tort, and seeking, inter alia, punitive damages, (b) granted the motion of the third-party defendants Bellavia, Gentile & Associates, LLP, and John Gentile for summary judgment dismissing the third-party complaint insofar as asserted against them, (c), upon searching the record, awarded summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendants O'Connor, McGuiness, Conte, Doyle & Oleson, and William Watson, and (d) denied the cross motion of the defendant/third-

party plaintiff, Andre H. Saad, for summary judgment on those causes of action, (2) the third-party defendant Government Employees Insurance Company cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the cause of action in the third-party complaint to recover damages for breach of contract insofar as asserted against it, and granted the cross motion of the defendant/third-party plaintiff, Andre H. Saad, for summary judgment on that cause of action, and (3) the third-party defendant Government Employees Insurance Company appeals, and the defendant/third-party plaintiff, Andre H. Saad, cross-appeals, as limited by their respective briefs, from so much of an order of the same court entered December 9, 2013, as, upon reargument, adhered to the original determination in the order entered September 16, 2013, as against each of them.

Ordered that the appeal and cross appeal from the order entered September 16, 2013 are dismissed, as that order was superseded by the order entered December 9, 2013 made upon reargument; and it is further,

Ordered that the order entered December 9, 2013 is modified, on the law, (1) by deleting the provision thereof, upon reargument, adhering to the determination in the order entered September 16, 2013, granting that branch of the cross motion of the defendant/third-party plaintiff, Andre H. Saad, which was for summary judgment on so much of the cause of action in the third-party complaint to recover damages for breach of contract against the third-party defendant Government Employees Insurance Company as sought an award of attorneys' fees incurred by him in the third-party action, and denying that branch of the motion of the third-party defendant Government Employees Insurance Company which was for summary judgment dismissing that portion of that cause of action, and substituting therefor a provision, upon reargument, denying that branch of the cross motion, and granting that branch of the motion, and (2) by deleting the provision thereof, upon reargument, denying that branch of the motion of the third-party defendant Government Employees Insurance Company which was for summary judgment dismissing so much of the cause of action in the third-party complaint to recover damages for breach of contract insofar as asserted against it as sought an award of attorneys' fees which were paid by the third-party defendant Mayer J. Saad, MD, P.C., on behalf of the defendant/third-party plaintiff, Andre H. Saad, in defending the action commenced by the plaintiff, and granting

that branch of the cross motion of the defendant/third-party plaintiff, Andre H. Saad, which was for summary judgment on that portion of the cause of action, and substituting therefor a provision, upon reargument, granting that branch of the motion and denying that branch of the cross motion; as so modified, the order entered December 9, 2013 is affirmed insofar as appealed and cross-appealed from, and the order entered September 16, 2013 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the third-party defendants Government Employees Insurance Company, Bellavia, Gentile & Associates, LLP, John Gentile, O'Connor, Mc-Guiness, Conte, Doyle & Oleson, and William Watson, appearing separately and filing separate briefs.

In July 2003, Andre H. Saad was driving a vehicle leased from the plaintiff, Financial Services Vehicle Trust (hereinafter Financial), when he was involved in an accident that resulted in the deaths of two pedestrians. On the date of the accident, Saad was insured by the Government Employees Insurance Company (hereinafter GEICO). The estates of the two pedestrians killed in the accident subsequently commenced wrongful death actions against both Saad and Financial. GEICO retained attorneys O'Connor, McGuiness, Conte, Doyle & Oleson and William Watson (hereinafter together the O'Connor defendants) to defend Saad and Financial in the wrongful death actions, and Saad retained attorneys Bellavia, Gentile & Associates, LLP, and John Gentile (hereinafter together the Bellavia defendants) to monitor the case on his behalf. In February 2007, the wrongful death claims were settled for an aggregate total of $1,150,000. GEICO paid its policy limits toward the settlement, and Financial contributed the remaining balance of $750,000.

Financial thereafter commenced an action against Saad (hereinafter the main action) primarily seeking to recover the $750,000 it had contributed toward the settlement of the wrongful death claims pursuant to a contractual indemnification provision contained in its lease agreement with Saad. As relevant to this appeal, Saad then commenced a third-party action against GEICO to recover damages for breach of contract based upon GEICO's refusal to defend him in the main action, and against the O'Connor defendants and the Bellavia defendants to recover damages for their alleged malpractice in representing him in connection with the underlying wrongful death claims.

The third-party defendants GEICO and the Bellavia defendants separately moved for summary judgment dismissing the

third-party complaint insofar as asserted against each of them, and Saad cross-moved for summary judgment against GEICO, the O'Connor defendants, and the Bellavia defendants. The Supreme Court granted the Bellavia defendants' motion for summary judgment dismissing the third-party complaint insofar as asserted against them, and also searched the record and awarded summary judgment dismissing the third-party complaint insofar as asserted against the O'Connor defendants. The court denied that branch of GEICO's motion which was for summary judgment dismissing the cause of action in the third-party complaint to recover damages for breach of contract insofar as asserted against it based on its failure to defend Saad in the main action, and granted the remainder of its motion for summary judgment dismissing all other third-party claims against it, including causes of action sounding in tort, and seeking, inter alia, punitive damages.

The Supreme Court granted Saad's cross motion for summary judgment on the breach of contract cause of action in the third-party complaint insofar as asserted against GEICO, and denied the remainder of his cross motion. Both Saad and GEICO moved for leave to reargue. The court granted leave to reargue, and, upon reargument, adhered to its original determination. GEICO appeals, and Saad cross-appeals.

Contrary to GEICO's contention, GEICO was liable to Saad for breach of contract based on GEICO's refusal to defend Saad in the main action against him for contractual indemnification arising out the underlying wrongful death action (*see GMM Realty, LLC v St. Paul Fire & Mar. Ins. Co.*, 129 AD3d 909 [2015]; *Allianz Ins. Co. v Lerner*, 416 F3d 109 [2d Cir 2005]; *Tokio Mar. & Fire Ins. Co., Ltd. v Grodin*, 2006 WL 3054321, 2006 US Dist LEXIS 78146 [SD NY, Oct. 27, 2006, No. 05 Civ 9153(DLC)]). The Supreme Court erred, however, to the extent that it directed GEICO to reimburse Saad for those attorneys' fees incurred by Saad in the third-party action. The law "is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *see West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co.*, 250 AD2d 109, 114 [1998]).

With respect to those attorneys' fees incurred by Saad in defending the main action, the Supreme Court erred in failing to limit Saad's recovery to those attorneys' fees paid by him. Attorneys' fees paid by Saad's father's business, the third-party defendant Mayer J. Saad, M.D., P.C., are not recoverable by

Saad (*see Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945 [2009]). On its motion, GEICO submitted, inter alia, transcripts of Saad's deposition testimony, in which he testified that Mayer J. Saad, M.D., P.C., paid a substantial amount of the attorneys' fees at issue. In opposition, Saad failed to present any appropriate documentation or evidence demonstrating his right to recover those expenses which he did not personally pay (*see Gadani v DeBrino Caulking Assoc., Inc.*, 124 AD3d 1123 [2015]; *Cardo v Board of Mgrs., Jefferson Vil. Condo 3*, 67 AD3d 945 [2009]).

The Supreme Court properly awarded GEICO summary judgment dismissing the causes of action in the third-party complaint to recover damages for alleged tortious conduct. GEICO established as a matter of law that it did not act in bad faith, since its conduct, under the circumstances, did not constitute a gross disregard of Saad's interests (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453-454 [1993]).

The Supreme Court also properly awarded summary judgment dismissing the third-party complaint insofar as asserted against the O'Connor defendants and the Bellavia defendants, as the record demonstrated that Saad was unable to establish that any alleged legal malpractice on the part of those defendants caused him actual and ascertainable damages (*see Barouh v Law Offs. of Jason L. Abelove*, 131 AD3d 988 [2015]; *Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 910 [2012]; *Boone v Bender*, 74 AD3d 1111 [2010]). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Holschauer v Fisher*, 5 AD3d 553, 554 [2004]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Balkin, J.P., Austin, Miller and Hinds-Radix, JJ., concur.