■ Baltazar Duarte et al., Respondents, v City of New York, Appellant. [826 NYS2d 314]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated September 28, 2005, which denied its motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order as denied those branches of the motion which were to dismiss the claims based on Labor Law §§ 200, 240, and common-law negligence is dismissed, as those claims were voluntarily withdrawn by the plaintiffs; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, and those branches of the motion which were to dismiss the claims based on Labor Law § 241 and loss of consortium are granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

Contrary to the plaintiffs' contention, the issue of whether the defendant City of New York (hereinafter the City) was an "owner" of the work site for purposes of Labor Law liability

may be considered on appeal (*see Block v Magee*, 146 AD2d 730, 732-733 [1989]).

The City established its prima facie entitlement to summary judgment by tendering evidence sufficient to demonstrate that the New York State Department of Transportation was in charge of the project involving the cleaning and painting of the Kosciuszko Bridge, that the City did not perform any of the work, and that the City's role was largely confined to its regulatory responsibilities arising out of its issuance of work permits (*see Albanese v City of New York*, 5 NY3d 217, 221 [2005]; *cf. Nowlin v City of New York*, 81 NY2d 81 [1993]). In response, the plaintiffs failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The maintenance agreement between the State of New York and the City expressly limited the scope of the maintenance responsibilities delegated by the State to the City, and did not encompass the subject project (*see* Highway Law § 349-c). Miller, J.P., Ritter, Rivera and Lifson, JJ., concur.