■ ANGEL ROMERO, Appellant, et al., Plaintiff, v J & S SIMCHA, INC., Defendant, and CITY OF NEW YORK, Respondent. (And a Third-Party Action.) [835 NYS2d 306]—

In an action to recover damages for personal injuries, etc., the plaintiff Angel Romero appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated April 24, 2006, as granted that branch of the motion of the defendant City of New York which was for sum-

mary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant City of New York which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it is denied.

The plaintiff Angel Romero was employed by a private contractor that was installing a sewer line for the defendant J & S Simcha, Inc. (hereinafter J & S). Romero was injured when the unshored trench that he was working in collapsed. The plaintiff commenced this action against J & S and the City of New York, which owned the property where the trench was dug. The plaintiff alleged, inter alia, that they had violated Labor Law § 241 (6) by failing to shore up or otherwise support the walls of the trench. The City moved for summary judgment dismissing the complaint and argued, inter alia, that although it held legal title to the property where the plaintiff was injured, for purposes of Labor Law § 241 (6) it was not the "owner" of the property because the plaintiff's employer was not a City contractor or working under the City's direction or control. The Supreme Court granted the City's motion.

Labor Law § 241 (6) imposes a nondelegable duty upon owners and general contractors to provide reasonable and adequate protection and safety to persons employed in construction, excavation, or demolition work, regardless of the absence of control, supervision, or direction of the work (see *Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 300-301 [1978]; *Celestine v City of New York*, 86 AD2d 592, 593 [1982], *affd* 59 NY2d 938 [1983]).

The City admitted in its affirmation in support of its motion that it owned the property where the plaintiff was injured and submitted proof that it had issued a permit for the work. Under the facts of this case, the City's ownership of the property makes it liable for violations of Labor Law § 241 (6) which occur on its property regardless of whether it retained or controlled the contractor (see *Allen v Cloutier Constr. Corp., supra* at 300-301; *Celestine v City of New York, supra* at 593).

The City's reliance on *Albanese v City of New York* (5 NY3d 217 [2005]), is inapposite. In that case, the State's construction of a highway was ongoing at the time of the plaintiff's injury, and the State had not yet transferred jurisdiction of the highway to the City (*id.* at 220-221). Under those circumstances, the Court of Appeals held that the City was not an owner within the meaning of the Labor Law (*id.; see Duarte v City of New York*, 34 AD3d 522 [2006]).

Here, since the City failed to carry its prima facie burden of showing that it was entitled to judgment as a matter of law, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it (*see Allen v Cloutier Constr. Corp., supra* at 300-301; *Celestine v City of New York, supra* at 592). Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.