■ Philip Lombardo et al., Respondents, v Tag Court Square, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents, and Geiger Construction Company, Inc., Appellant. Spectrum Painting Contractors, Third-Party Defendant-Appellant. [7 NYS3d 187]—

In an action to recover damages for personal injuries, etc., (1) the defendant Geiger Construction Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 15, 2013, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) the third-party defendant separately appeals, as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion of the defendant Geiger Construction Company, Inc., which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it, and substituting therefor a provision granting those branches of the motion of the defendant Geiger Construction Company, Inc., and (2) deleting the provision thereof denying the third-party defendant's motion for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting the third-party defendant's motion; as so modified, the order is affirmed, with one bill of costs to the third-party defendant, payable by the defendants/third-party plaintiffs.

The plaintiff Philip Lombardo (hereinafter the injured plaintiff) allegedly was injured when he slipped and fell while working on premises owned by Tag Court Square, LLC (hereinafter the owner), in the course of a construction project for which the defendants Pavarini McGovern, LLC, and Structure Tone, Inc., were the construction managers. The injured plaintiff's employer, Spectrum Painting Contractors (hereinafter Spectrum), had been hired by one of the construction managers to perform the painting work on the project. The owner had hired the defendant Geiger Construction Company, Inc. (hereinafter Geiger), to perform the exterior facade waterproofing and roofing work on the premises.

The injured plaintiff, and his wife suing derivatively, commenced this action against the owner, the construction managers, and Geiger, alleging causes of action sounding in common-law negligence and violation of Labor Law §§ 200 and 241 (6). The owner and the construction managers commenced a third-party action against Spectrum, principally seeking contractual and common-law indemnification. Geiger moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Spectrum moved for summary judgment dismissing the third-party complaint. In the order appealed from, the Supreme Court denied both motions.

The Supreme Court erred in denying those branches of Geiger's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) insofar as asserted against it. Geiger made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not exercise supervisory control over the injured plaintiff's work or have the authority to insist that proper safety practices be followed (*see Kehoe v Segal*, 272 AD2d 583, 584 [2000]). In opposition, the plaintiffs, the owner, and the construction managers failed to raise a triable issue of fact.

However, the Supreme Court properly denied that branch of Geiger's motion which was for summary judgment dismissing the cause of action to recover damages for common-law negligence insofar as asserted against it. A subcontractor "may be held liable for negligence where the work it performed created the condition that caused the plaintiff's injury even if it did not possess any authority to supervise and control the plaintiff's work or work area" (*Poracki v St. Mary's R.C. Church*, 82 AD3d 1192, 1195 [2011] [internal quotation marks omitted]). An award of summary judgment in favor of a subcontractor on a negligence claim is improper where the "evidence raise[s] a triable issue of fact as to whether [the subcontractor's] employee created an unreasonable risk of harm that was the proximate cause of the injured plaintiff's injuries" (*Marano v Commander Elec., Inc.*, 12 AD3d 571, 572-573 [2004]). Here, there are triable issues of fact as to whether employees of Geiger created the dangerous condition that allegedly caused the injured plaintiff's accident.

The Supreme Court should have granted Spectrum's motion for summary judgment dismissing the third-party complaint. A contractual provision imposing a duty to indemnify "must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Assoc. v AGS*

*Computers*, 74 NY2d 487, 491 [1989]). While Spectrum's contract relating to this construction project required it to indemnify the owner and the construction managers against all liability arising out of or connected with the performance of Spectrum's work under the contract, Spectrum made a prima facie showing that this indemnification clause is inapplicable here by submitting evidence demonstrating that at the time of the accident, the injured plaintiff was applying stucco to the roof of the building, which was outside the scope of the painting work to be performed by Spectrum under the contract. In opposition, the owner and the construction managers cited to the deposition of a principal of the owner, in which he testified that a change order expanding the scope of Spectrum's work to include the stucco work on the roof of the building might have been issued, but he could not recall whether such a change order actually was issued. This testimony was insufficient to raise a triable issue of fact as to whether the injured plaintiff's work was within the scope of Spectrum's contract. Thus, Spectrum was entitled to summary judgment dismissing the cause of action seeking contractual indemnification.

Moreover, pursuant to Workers' Compensation Law § 11, Spectrum can be liable for common-law indemnification only if the injured plaintiff sustained a " 'grave injury,' " as defined in that statute. Since the only injuries to the injured plaintiff that were alleged in the plaintiffs' bill of particulars were injuries that do not fall within the definition of " 'grave injury' " (Workers' Compensation Law § 11), Spectrum demonstrated its entitlement to judgment as a matter of law dismissing the cause of action seeking common-law indemnification. In opposition, the owner and the construction manager failed to raise a triable issue of fact.

Spectrum also demonstrated, without opposition, its entitlement to summary judgment dismissing the remaining causes of action in the third-party complaint, since those causes of action are dependent upon the viability of the cause of action seeking contractual indemnification. Accordingly, Spectrum's motion should have been granted in its entirety. Balkin, J.P., Roman, Sgroi and LaSalle, JJ., concur.