Coelho v City of New York (2019 NY Slip Op 07764)





Coelho v City of New York


2019 NY Slip Op 07764


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00826
 (Index No. 707796/16)

[*1]Jose Coelho, et al., respondents, 
v
City of New York, appellant.


Barry McTiernan & Moore LLC, New York, NY (David H. Schultz of counsel), for appellant.
Antin, Ehrlich & Epstein, LLP, New York, NY (Scott W. Epstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered December 12, 2017. The order denied, as premature, its motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and an order of the same court (Ulysses B. Leverett, J.), entered November 16, 2018, inter alia, denying the defendant's subsequent motion for summary judgment dismissing the complaint, is vacated.
The plaintiff Jose Coelho (hereinafter the plaintiff) was employed as a foreman for nonparty ECCO III Enterprises, Inc., a contractor hired by nonparty State of New York to perform paving work on the Van Wyck Expressway in Queens. The plaintiff allegedly was injured when an asphalt roller collided with the rear of the asphalt paving vehicle upon which he was working, coming into contact with his right leg.
Following a statutory hearing pursuant to General Municipal Law § 50-h at which the plaintiff provided sworn testimony, the plaintiff, and his wife suing derivatively, commenced this action against the defendant, City of New York, alleging violations of Labor Law §§ 200, 240(1), and 241(6), as well as common-law negligence. Prior to discovery, the City moved for summary judgment dismissing the complaint, submitting various exhibits and contending that it was not an "owner" or "contractor" as contemplated by the Labor Law, nor did it supervise or have any involvement in the plaintiff's work on the Van Wyck Expressway. In an order entered December 12, 2017, the Supreme Court denied the City's motion as premature. The City appeals.
The City established its prima facie entitlement to judgment as a matter of law dismissing the complaint through evidence demonstrating that the New York State Department of Transportation was in charge of the project involving the paving of the Van Wyck Expressway, that the City was not a party to the contract governing the project, and that the City did not perform any of the construction, did not hire the plaintiff's employer, and did not supervise, direct, or control any aspect of the work (see Albanese v City of New York, 5 NY3d 217, 220-221; Duarte v City of New [*2]York, 34 AD3d 522, 523). In opposition, the plaintiffs failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320; Duarte v City of New York, 34 AD3d at 523).
Moreover, the City's motion for summary judgment was not premature. "A party opposing summary judgment is entitled to obtain further discovery when it appears that facts supporting the opposing party's position may exist but cannot then be stated" (Salameh v Yarkovski, 156 AD3d 659, 660; see CPLR 3212[f]; Ingram v Bay Ridge Auto. Mgt. Corp., 145 AD3d 672, 672-673). "A party contending that a summary judgment motion is premature must demonstrate that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant" (Antonyshyn v Tishman Constr. Corp., 153 AD3d 1308, 1310 [internal quotation marks omitted]; see Rungoo v Leary, 110 AD3d 781, 783). Here, the plaintiffs failed to make the requisite showing (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 329).
Accordingly, the Supreme Court should have granted the City's motion for summary judgment dismissing the complaint.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court