Torres v Accumanage, LLC (2022 NY Slip Op 06154)

Torres v Accumanage, LLC

2022 NY Slip Op 06154

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2018-01624
 (Index No. 602097/12)

[*1]Carlos O. Torres, plaintiff-respondent-appellant,
v
Accumanage, LLC, defendant third-party plaintiff- appellant, et al., defendant; NJM Construction, Inc., third-party defendant-respondent.

Mulholland, Minion, Duffy, Davey, McNiff & Beyrer, Williston Park, NY (Patrick A. Delgado and Eric Bailey of counsel), for defendant third-party plaintiff-appellant.
Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Lauren E. Bryant], of counsel), for plaintiff-respondent-appellant.
Benzulli Law Firm, LLP, White Plains, NY (John V. Tait of counsel), for third-party defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated December 21, 2017. The order, insofar as appealed from, denied those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it, and granted that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant third-party plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant third-party plaintiff's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendant third-party plaintiff, payable by the third-party defendant and the plaintiff.
The defendant third-party plaintiff, Accumanage, LLC (hereinafter Accumanage), was the construction manager on the construction of a house on premises owned by the defendant Kerriann Brewer. The plaintiff was employed by NJM Construction, Inc. (hereinafter NJM), a framing subcontractor. At the time of the accident, the plaintiff was working on the exterior of a [*2]detached garage on the premises. According to the plaintiff, he was walking along a scaffold surrounding the garage when the platform upon which he was standing suddenly collapsed. However, the president of NJM and a member of Accumanage were informed that the plaintiff was on a ladder at the time of the accident.
The plaintiff commenced this action against Accumanage and Brewer. Accumanage commenced a third-party action against NJM, inter alia, for contractual indemnification. NJM moved, among other things, for summary judgment dismissing the third-party cause of action for contractual indemnification. Accumanage moved, inter alia, for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6) insofar as asserted against it. The plaintiff moved, among other things, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Accumanage. The Supreme Court, inter alia, granted that branch of NJM's motion, denied those branches of Accumanage's motion, and denied that branch of the plaintiff's motion. Accumanage appeals, and the plaintiff cross-appeals.
The Supreme Court erred in granting that branch of NJM's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (George v Marshalls of MA, Inc., 61 AD3d 925, 930). "When a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (Hooper Assoc. v AGS Computers, 74 NY2d 487, 491; see Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 950). "Thus, an indemnification provision may not apply to injuries caused by work that was performed outside of the contractual scope intended by the parties" (Burhmaster v CRM Rental Mgt., Inc., 166 AD3d 1130, 1134; see Lombardo v Tag Ct. Sq., LLC, 126 AD3d at 951). "Nevertheless, a contractual requirement for written modifications of the scope of work may be waived when the conduct of the parties demonstrates an indisputable mutual departure from the written agreement and the changes were clearly requested by [the] plaintiff and executed by [the] defendant" (Burhmaster v CRM Rental Mgt., Inc., 166 AD3d at 1134 [internal quotation marks omitted]; see generally T & N W. Galla Pizzeria v CF White Plains Assoc., 185 AD2d 270, 272).
The contractual indemnification provision at issue here required NJM to indemnify Accumanage for any claims "directly or indirectly caused by [NJM's] breach of the Contract, its negligence, gross negligence, intentional misconduct, nonfeasance or inaction in the performance of the Contract and/or [NJM's] trade." It is undisputed that the scope of NJM's work as set forth in its contract with Accumanage was limited to framing and exterior trim for the house and that there was no mention of the garage. It is further undisputed that any changes to the scope of the contract were required to be made in a written change order, and there is no evidence that any such change order was issued. However, NJM failed to eliminate a triable issue of fact regarding whether the parties waived the contractual requirement for written modifications of the scope of work as the evidence demonstrated that Accumanage requested NJM to perform work on the exterior of the garage and that NJM executed such work (see Burhmaster v CRM Rental Mgt., Inc., 166 AD3d at 1134). Moreover, it is undisputed that NJM's work on the garage was within the scope of its "trade," which would potentially bring the plaintiff's accident within the scope of the subject contractual indemnification provision. NJM failed to eliminate a triable issue of fact as to whether it had completed its work on the house prior to being hired to work on the garage such that the contract had expired, or whether NJM had yet to complete its original scope of work pursuant to the contract at the time it began working on the garage such that the contract remained in effect at the time of the accident. Accordingly, the Supreme Court should have denied that branch of NJM's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification because NJM failed to eliminate all triable issues of fact as to whether the accident was caused by its "negligence, gross negligence, intentional misconduct, nonfeasance or inaction in the performance of the Contract and/or [NJM's] trade," pursuant to the terms of the subject indemnification provision (see Caban v Plaza Constr. Corp., 153 AD3d 488, 490).
The Supreme Court properly denied that branch of Accumanage's motion which was [*3]for summary judgment dismissing the cause of action alleging a violation of Labor Law § 200 insofar as asserted against it. Accumanage established its prima facie entitlement to judgment as a matter of law dismissing that cause of action by demonstrating that it lacked the authority to control or supervise NJM's work (see Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856; Lamar v Hill Intl., Inc., 153 AD3d 685, 686). The plaintiff testified that he did not remember meeting anyone from Accumanage and that he received all of his instructions from NJM's supervisor. Castrenze Balsano, a member of Accumanage, testified that Accumanage's role was limited to coordinating and scheduling the various subcontractors at the site and that it did not supervise or direct the day-to-day activities of the subcontractors. However, in opposition, the plaintiff raised a triable issue of fact as to whether Accumanage had the authority to supervise or control the performance of NJM's work (see Walls v Turner Constr. Co., 4 NY3d 861, 864). Despite Balsano's contentions to the contrary, pursuant to the Construction Management Agreement (hereinafter the CMA), Accumanage's contract with the owners of the premises, Accumanage was required to supervise and direct the day-to-day activities and work at the site. The CMA also required Accumanage to ensure that all materials furnished by the subcontractors were appropriate and that all of the subcontractors' work was appropriate. Further, the CMA stated that Accumanage was responsible for managing site safety and "for initiating, maintaining and supervising all safety precautions, procedures and programs during the Project." Pursuant to Accumanage's subcontract with NJM, Accumanage was to supervise NJM in all phases of its work. Further, the subcontract provided that Accumanage had the authority to reject any of NJM's work or materials that did not conform to the plans and specifications for the project.
However, the Supreme Court should have granted that branch of Accumanage's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6) insofar as asserted against it. In support of that branch of its motion, Accumanage made a prima facie showing that 12 NYCRR 23-1.22(c) was not factually applicable to the instant case. That section provides, inter alia, that a platform used as a working area "shall be provided with a floor of planking at least two inches thick full size" and that a platform "more than seven feet above the ground" must be provided with a safety railing. Regardless of whether the subject scaffold constituted a "platform" within the meaning of section 23-1.22(c), Accumanage provided the plaintiff's own testimony that the wooden planks were two inches thick (see 12 NYCRR 23-1.22[c][1]). Further, giving the plaintiff the benefit of every inference and assuming the scaffold was more than seven feet tall (see id. § 23-1.22[c][2]), Accumanage established that the lack of safety rails was not the proximate cause of the plaintiff's injury as the plaintiff testified that he was caused to fall when the wooden platform boards cracked and broke. In opposition, the plaintiff failed to raise a triable issue of fact (see generally Pereira v Hunt/Bovis Lend Lease Alliance II, 193 AD3d 1085; cf. Leon-Rodriguez v Roman Catholic Church of Sts. Cyril & Methodius, 192 AD3d 883). The plaintiff has abandoned his reliance upon provisions of the Industrial Code other than 12 NYCRR 23-1.22(c) by failing to address those provisions in his brief on appeal (see Elam v Ryder Sys. Inc., 176 AD3d 675, 676; Pita v Roosevelt Union Free Sch. Dist., 156 AD3d 833, 835).
Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Accumanage. While the "collapse of a scaffold or ladder for no apparent reason while a plaintiff is engaged in an activity enumerated under the statute creates a presumption that the ladder or scaffold did not afford proper protection" (Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783), there is a triable issue of fact as to whether the plaintiff fell when a scaffold plank unexpectedly collapsed, as he testified, or whether the accident occurred while the plaintiff was on a ladder, as the representatives of NJM and Accumanage testified. Further, the president of NJM testified that he inspected the ladder that the plaintiff allegedly fell from after the accident and that it appeared to be a "[f]ine working ladder." Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Accumanage (see Lozada v St. Patrick's RC Church, 174 AD3d 879, 881; Karwowski v Grolier Club of City of N.Y., 144 AD3d 865, 866).
RIVERA, J.P., MILLER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court