Rogers v Peter Scalamandre & Sons, Inc. (2024 NY Slip Op 05361)

Rogers v Peter Scalamandre & Sons, Inc.

2024 NY Slip Op 05361

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-03999
 (Index No. 618568/16)

[*1]Michael Rogers, plaintiff-respondent, 
v
Peter Scalamandre & Sons, Inc., defendant third-party plaintiff-appellant-respondent; Certified Interiors, Inc., third-party defendant-respondent-appellant.

Cascone & Kluepfel, LLP, Farmingdale, NY (Howard B. Altman of counsel), for defendant third-party plaintiff-appellant-respondent.
Morris Duffy Alonso Faley & Pitcoff, Melville, NY (Ira E. Goldstein of counsel), for third-party defendant-respondent-appellant.
Regan & Associates, PLC, White Plains, NY (Michael J. Regan of counsel), for plaintiff-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals, and the third-party defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Carmen Victoria St. George, J.), dated May 15, 2020. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and denied the defendant third-party plaintiff's cross-motion for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6). The order, insofar as cross-appealed from, denied those branches of the third-party defendant's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the third-party defendant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff payable by the defendant third-party plaintiff, and one bill of costs to the third-party defendant payable by the defendant third-party plaintiff.
On September 10, 2016, the plaintiff was working at a construction site as an employee of Certified Interiors, Inc. (hereinafter Certified). Peter Scalamandre & Sons, Inc. (hereinafter Scalamandre), was the general contractor at the construction site and had subcontracted with Certified for carpentry services. That day, the plaintiff used a boom lift to install louvers near the roof line of the building. The plaintiff was inside the basket of the lift and was wearing a harness attached to the basket. After completing the installation, the plaintiff maneuvered the lift so that it [*2]was extended in a nearly vertical position and the lift basket was approximately 30 feet above the ground. According to an eyewitness, the arm of the lift then suddenly "telescoped in" on itself, causing the plaintiff to sustain injuries.
The plaintiff commenced this action to recover damages for personal injuries against Scalamandre, alleging, inter alia, violations of Labor Law §§ 240(1) and 241(6). The Labor Law § 241(6) cause of action was predicated upon Scalamandre's alleged violation of 12 NYCRR 23-9.2(a). Scalamandre commenced a third-party action against Certified, asserting, among other things, third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance.
The plaintiff thereafter moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. Scalamandre cross-moved for summary judgment dismissing the Labor Law § 241(6) cause of action. Certified moved, among other things, for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance. In an order dated May 15, 2020, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action, denied Scalamandre's cross-motion for summary judgment dismissing the Labor Law § 241(6) cause of action, and denied those branches of Certified's motion which were for summary judgment dismissing the third-party causes of action for contractual indemnification and alleging breach of contract for failure to procure insurance. Scalamandre appeals, and Certified cross-appeals.
"'Labor Law § 240(1) imposes a nondelegable duty [and absolute liability] upon owners and general contractors and their agents to provide safety devices necessary to protect workers from risks inherent in elevated work sites'" (Von Hegel v Brixmor Sunshine Sq., LLC, 180 AD3d 727, 728, quoting Caiazzo v Mark Joseph Contr., Inc., 119 AD3d 718, 720; see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374). To prevail on a Labor Law § 240(1) cause of action, a plaintiff must prove (1) that the defendant violated Labor Law § 240(1) and (2) that such violation was a proximate cause of his or her injuries (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 289; Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d 785, 785). "Where there is no statutory violation, or where the plaintiff is the sole proximate cause of his or her own injuries, there can be no recovery under Labor Law § 240(1)" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 785-786; see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 290). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense" (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786).
"'Whether a device provides proper protection is a question of fact, except when the device collapses, moves, falls, or otherwise fails to support the plaintiff and his or her materials'" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786, quoting Melchor v Singh, 90 AD3d 866, 868; see Torres v Accumanage, LLC, 210 AD3d 718, 723). Here, the evidence submitted by the plaintiff in support of his motion, including the deposition testimony of the eyewitness, who testified that the accident occurred when the boom lift arm suddenly telescoped inward, and an accident investigation report of an expert engineer, who opined that the boom lift malfunctioned due to poor maintenance by Scalamandre, established, prima facie, the plaintiff's entitlement to judgment as a matter of law on the issue of liability on the Labor Law § 240(1) cause of action (see Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786; Avila v Saint David's Sch., 187 AD3d 460, 460).
"'Once the plaintiff makes a prima facie showing the burden then shifts to the defendant, who may defeat plaintiff's motion for summary judgment only if there is a plausible view of the evidence—enough to raise a fact question—that there was no statutory violation and that plaintiff's own acts or omissions were the sole cause of the accident'" (Mora v 1-10 Bush Term. Owner, L.P., 214 AD3d at 786, quoting Bermejo v New York City Health & Hosps. Corp., 119 AD3d 500, 502 [internal quotation marks omitted]). Here, in opposition to the plaintiff's prima facie showing, Scalamandre failed to raise a triable issue of fact.
Scalamandre's contention that it did not violate Labor Law § 240(1) because the plaintiff did not fall from a height is raised for the first time on appeal. However, this Court may review the argument because it presents a pure question of law appearing on the face of the record that could not have been avoided had it been raised at the proper juncture (see 211-12 N. Blvd. Corp. v LIC Contr., Inc., 186 AD3d 69, 75). Under the circumstances here, the fact that the plaintiff remained in the basket of the lift while it fell is immaterial as to whether a statutory violation occurred, as it is undisputed that the plaintiff's injuries occurred when the lift telescoped inward and retracted suddenly. Thus, the plaintiff is entitled to the presumption that the lift did not provide proper protection from elevation-related risks (see Torres v Accumanage, LLC, 210 AD3d at 723; Cruz v Roman Catholic Church of St. Gerard Magella in Borough of Queens in the City of N.Y., 174 AD3d 782, 783).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
"Labor Law § 241(6) imposes a nondelegable duty on owners and contractors to provide reasonable and adequate protection and safety for workers without regard to direction and control" (Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc., 226 AD3d 960, 962; see Guoxing Song v CA Plaza, LLC, 208 AD3d 760, 761; Romero v J & S Simcha, Inc., 39 AD3d 838, 839). "'In order to establish liability under Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards, and which is applicable [to the facts] of the case'" (Chuqui v Cong. Ahavas Tzookah V'Chesed, Inc., 226 AD3d at 962, quoting Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746-747 [internal quotation marks omitted]). Industrial Code (12 NYCRR) § 23-9.2(a) requires, inter alia, that all power-operated equipment be maintained in good repair and, "[u]pon discovery, any structural defect or unsafe condition in such equipment shall be corrected by necessary repairs or replacement" (see Misicki v Caradonna, 12 NY3d 511, 520-521).
Here, the evidence relied upon by Scalamandre in support of its cross-motion failed to establish, prima facie, that it lacked actual notice of a structural defect or unsafe condition in the boom lift, and therefore, Scalamandre failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action predicated upon a violation of 12 NYCRR 23-9.2(a) (see Misicki v Caradonna, 12 NY3d at 521; Cabral v Rockefeller Univ., 222 AD3d 474, 475). Accordingly, the Supreme Court properly denied Scalamandre's cross-motion for summary judgment dismissing the Labor Law § 241(6) cause of action regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court erred in denying that branch of Certified's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification. General Obligations Law § 5-322.1 provides, in relevant part, that "'[a] covenant, promise, agreement or understanding in, or in connection with . . . a contract or agreement relative to the construction, alteration, repair or maintenance of a building . . . purporting to indemnify or hold harmless the promisee against liability for damage arising out of bodily injury to persons or damage to property contributed to, caused by or resulting from the negligence of the promisee, his [or her] agents or employees, or indemnitee, whether such negligence be in whole or in part, is against public policy and is void and unenforceable'" (Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 794, quoting General Obligations Law § 5-322.1[1]). A provision that purports to indemnify a general contractor against its own negligence is not void where it contains limiting language such as "to the extent permitted by law" (see Brook v Judlau Contr., Inc., 11 NY3d 204, 210-211; Lesisz v Salvation Army, 40 AD3d 1050, 1051) or where the party to be indemnified is found to be free of any negligence and is liable only because of the absolute liability provisions of a statute such as Labor Law § 240(1) (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 179; Marulanda v Vance Assoc., LLC, 160 AD3d 711, 712; see also Gonzalez v Magestic Fine Custom Home, 115 AD3d 796, 798).
Here, the indemnification provision contained in the subcontract between Certified and Scalamandre requires, inter alia, that Certified indemnify Scalamandre for "all losses [and] [*3]claims . . . whatsoever . . . which may be brought on account of injuries including . . . damage to persons and/or property," and fails to contain limiting language stating that the provision should be enforced only to the fullest extent permitted by law. Contrary to Scalamandre's contention, this broadly worded language purporting to indemnify it for "all" claims, without regard to who caused the injury, would require Certified to indemnify Scalamandre for its own negligence (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 795; Titov v V & M Chelsea Prop., LLC, 230 AD3d 614; Carriere v Whiting Turner Contr., 299 AD2d 509, 511). Moreover, the evidence submitted by Certified, including, among other things, the expert engineer's accident investigation report, demonstrated, prima facie, that Scalamandre was negligent in its maintenance of the boom lift and that such negligence was a proximate cause of the plaintiff's injuries. In opposition, Scalamandre failed to raise at triable issue of fact as to whether it was free from negligence. Accordingly, Certified was entitled to summary judgment dismissing the third-party cause of action for contractual indemnification (see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d at 796; Vasquez v Manhattan Coll., 223 AD3d 601, 603).
The Supreme Court properly denied that branch of Certified's motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance. A party seeking summary judgment dismissing a cause of action for breach of a contractual obligation to procure insurance must establish that it procured the requisite insurance, and the burden then shifts to the opposing party to raise a triable issue of fact (see Meadowbrook Pointe Dev. Corp. v F & G Concrete & Brick Indus., Inc., 214 AD3d 965, 969). Contrary to Certified's contention, although evidence that Scalamandre procured its own liability insurance might be a basis for limiting the amount of Scalamandre's recovery against Certified, it is not a basis for granting summary judgment dismissing the third-party cause of action predicated upon Certified's alleged breach of its contractual obligation to procure insurance (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 115; Kinney v Lisk Co., 76 NY2d 215, 217; Mavashev v Shalosh Realty, 233 AD2d 301, 302-303). Accordingly, the court properly denied that branch of Certified's motion which was for summary judgment dismissing the third-party cause of action alleging breach of contract for failure to procure insurance without considering the sufficiency of Scalamandre's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Scalamandre's and Certified's remaining contentions are improperly raised for the first time on appeal.
CONNOLLY, J.P., CHAMBERS, GENOVESI and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court